Village of Brocton, Appellant, v. J. L. Wiese, Jr., et al., Appellees.

(Not to be reported in full.)

Appeal from the Circuit Court of Edgar county; the Hon. JOHN H. MARSHALL, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 16, 1917.

### Statement of the Case.

Action by the Village of Brocton, plaintiff, against J. L. Wiese, Jr., Walter R. Lutterell and Wallace Kaericker, defendants, to recover a penalty for violation of an ordinance of plaintiff. From a judgment for defendants, plaintiff appeals.

JAMES K. LAUHER and STEWART W. KINCAID, for appellant.

F. C. VAN SELLAR, for appellees.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. LICENSES, § 12*—*what evidence material to show that club is mere shift or device to avoid payment of license fee.* In an action to recover a penalty for conducting a pool and billiard room without a license in violation of a village ordinance, where one or more of the defendants had organized a so-called club of which they were the managing officers and the membership fee in which, or a ticket representing same, was credited for a certain amount of the charge for pool or billiards until exhausted, after which the ordinary prices for the games were paid in cash, *held* that while it was immaterial what the defendants did in the management of the room when they had a license, if they had one, yet that the room was run in the same manner and with similar

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

charges as a licensed pool room by the same parties, or some of them before the so-called club was organized, was material to show that the club organization was only a shift or device on the part of the defendants to avoid the payment of a license fee.

2. LICENSES, § 12*—*when club is mere shift and device to avoid payment of license fee.* In an action to recover a penalty for conducting a pool and billiard room without a license in violation of a village ordinance, where one or more of the defendants had organized a so-called club of which they were the managing officers, and the membership fee in which, or a ticket representing same, was credited for a certain amount of the charge for pool or billiards until exhausted, after which the ordinary prices for the games were paid in cash, *held* that such club organization was a device on the part of the defendants to avoid the payment of a license fee.

3. CRIMINAL LAW, § 33*—*when persons guilty as principals.* All persons who aid, abet or assist in the commission of an offense are guilty as principals, as there can be no agency in the doing of an unlawful act.

4. INSTRUCTIONS, § 137*—*when properly refused.* An instruction which is argumentative in form and not made applicable to the case, although stating the legal proposition involved correctly, is properly refused.

5. MUNICIPAL CORPORATIONS, § 867*—*when error in instruction cured.* Although an instruction when read alone was misleading, as bearing an inference that all of the defendants in an action to recover a penalty for violation of a village ordinance must be found guilty or all not guilty, *held* that the error was cured when, on being read in connection with all of the instructions, the jury could not fail to understand they might find some defendants guilty and some not guilty.

6. MUNICIPAL CORPORATIONS, § 865*—*when instruction as to form of verdict in action for penalty properly refused.* In an action to recover a penalty for violation of a village ordinance against several defendants, an instruction that on finding for the plaintiff the form of the verdict might be to assess the damages at a certain sum against each defendant as the jury might determine from the evidence, *held* properly refused.

7. MUNICIPAL CORPORATIONS—*what is proper form of judgment in action against several defendants to recover penalty.* In an action to recover a penalty for violation of a village ordinance against several defendants, a judgment against each defendant severally is erroneous, the judgment should be against such defendants, if any, as are found guilty jointly.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.